# George Sutton, Appellee, v. Otto Workmeister et al., Appellants.

1. LABOR—*right of employer and employe to contract.* While it is true that a laborer or body of laboring men are permitted, and have the right, to contract for their own services in such manner as they may see fit, it is also the right of an employer to employ laborers upon such terms as they may deem just and proper, so long as no law is violated by such contract.

2.  LABOR—*contracts between employer and employe must not encroach upon rights of third persons.* Where parties contract with reference to their labor or their property, they must not do so to the damage or injury of other parties, and it is also the law that so long as the contract made does not violate any law, then the motive or object for which the contract has been entered into cannot be inquired into.

3.  LABOR—*when acts of unions illegal.* While organizations or unions for the protection and betterment of labor have been fully recognized as lawful, parties have no right, under the guise of benefiting or protecting labor interests, to do any unlawful act or violate any provisions of the law. Neither have organizations formed for the benefit of labor the right by. violence, duress, or threat, to injure any person either in his rights or his property.

4.  LABOR—*when acts of unions illegal.* While labor organizations and labor unions are recognized as legitimate organizations and are proper for the protection and advancement of labor interests, and while such organizations are commendable and desirable, the persons who compose them or who are interested in the organizations have no rights, under the guise of protecting labor, to interfere with the rights of other persons to labor or with the rights of other persons to employ labor and use their capital in the employment of such labor as may be agreeable to employer and employe, and any attempt by these organizations, by the use of threats or coercion, to deprive any employer of the services of any laborer who is willing to work at the wages offered, or to deprive an employe of his employment, is no less a violation of the law than any other unlawful act, and cannot be sanctioned, permitted or tolerated any more than any other violations of law.

5.  TORTS—*when effecting discharge confers cause of action.* If a labor union under threats of strike force an employer to discharge an employe, its individual members (the union not being incorporated) are liable for the resulting damage.

6.  EVIDENCE—*when proof beyond reasonable doubt not required.* Even though the declaration charge a criminal act proof beyond a reasonable doubt is not required if such declaration sets up facts which constitute unlawful confederation at common law.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed October 20, 1911.

FRANK L. MULHOLLAND and BARRY & MORRISSEY, for appellants.

DEMANGE, GILLESPIE & DEMANGE, for appellee.

*Per Curiam.*   This is an action brought by plaintiff
against about one hundred and sixty employes of the
Chicago and Alton Railroad Company shops at Bloom-
ington, Illinois, who where members of local lodge
Number 342 International Association of Machinists.
These defendants became dissatisfied with the wages
they were receiving and the shop conditions existing
and made demand upon the railroad company for in-
crease of wages, shorter hours and an improvement
in shop conditions; a committee was selected by the
members of this order to wait on the company and
make demands for them for concessions in these mat-
ters.   After several conferences, an ultimatum was
given to the railroad company and the company noti-
fied if the proposition made by defendants was not ac-
cepted a strike would be the result.   This occurred at
a season of the year and under conditions when it was
necessary that the railroad company should keep all
its trains moving, and to do this it was necessary that
the machinists should remain at work.   The condi-
tions were such that it was necessary to avoid a strike
if it could be averted.   The company finally made a
counter-proposition granting the demands of the de-
fendants except as to the increase of wages.   The
defendants did not accept the counter-proposition so
made by the railroad company, but replied that inas-
much as the company would not grant the full demand
of the increase of wages, they would add a demand for
a "closed shop" if they were required to accept the
schedule of wages offered by the railroad company.
This was finally agreed to by the railroad company
and a contract war executed in accordance with the
agreement which was finally made.   In this contract,
the defendants contended for, and it was agreed by the
railroad company that, all employes of the railroad
company who were not then members of the defend-
ants' local lodge Number 342, should be given thirty
days in which to join the order or quit the shops where

the defendants were working at Bloomington, Illinois.
Plaintiff was not a member of this local lodge Number
342 but belonged to an order known as the Amalga-
mated Association of Engineers.    The association to
which he belonged did not permit its members to join
or belong to any other organization of like character.
Plaintiff had been a member of his order for thirty-
two years and by reason of his long membership was
entitled when overtaken by old age to certain rights
and compensation from this order, all of which he
would forfeit by joining the local lodge of which the
defendants were members.    The Chicago and Alton
Railroad Company did not desire to discharge plain-
tiff and offered him work at other points on the line,
but plaintiff was a man of family, had resided in
Bloomington nearly twenty-two years and did not de-
sire to go elsewhere.    At the end of thirty days, de-
fendants insisted that their contract made with the
Chicago and Alton Railroad Company be lived up to
and carried out by the railroad company, and in order
to avert further trouble with defendants, plaintiff was
discharged by the Chicago and Alton Railroad Com-
pany, in compliance with the terms of the contract with
the defendants.    Local Lodge 342 to which defendants
belonged is not incorporated.    Plaintiff brought this
action against the defendants as members of that lodge
to recover damages, alleging unlawful procurement of
his discharge from the Chicago and Alton Railroad
Company.    Trial below resulted in a verdict for plain-
tiff for $1500 on which a judgment was rendered, and
this appeal is prosecuted.

Defendants insist on a reversal of the judgment on
the ground that the court erred in entering a judg-
ment against them, in overruling their motion for a
peremptory instruction, that the court admitted im-
proper evidence over their objections and excluded
evidence offered by them, and also that the court erred
in the giving and refusing of instructions, and that the

verdict is contrary to the law and the evidence.

While it is true that a laborer or body of laboring men are permitted, and have the right, to contract for their own services in such manner as they may see fit, it is also the right of an employer to employ laborers upon such terms as they may deem just and proper, so long as no law is violated by such contract.

It is a familiar principle of law that where parties contract with reference to their labor or their property, they must not do so to the damage or injury of other parties, and it is also the law that so long as the contract made does not violate any law then the motive or object for which the contract has been entered into cannot be inquired into.

While organizations or unions for the protection and betterment of labor have been fully recognized as lawful, parties have no right, under the guise of benefiting or protecting labor interests, to do any unlawful act or violate any provision of the law. Neither have organizations formed for the benefit of labor the right, by violence, duress, or threat, to injure any person either in his rights or his property.

While labor organizations and labor unions are recognized as legitimate organizations and are proper for the proper protection and advancement of labor interests, and while such organizations are commendable and desirable, the persons who compose them or who are interested in the organizations have no rights, under the guise of protecting labor, to interfere with the rights of other persons to labor or with the rights of other persons to employ labor and use their capital in the employment of such labor as may be agreeable to employer and employee, and any attempt by these organizations, by the use of threats or coercion, to deprive any employer of the services of any laborer who is willing to work at the wages offered, or to deprive an employee of his employment, is no less a violation of the law than any other unlawful act, and cannot be

sanctioned, permitted or tolerated any more than any other violations of law.

The gist of the action at bar is that the defendants who are formed together as an association, not incorporated, ostensibly for the purpose of the benefit of its members, unlawfully and illegally confederated together and under threats of enforcing a strike of the employes of the Chicago and Alton Railroad Company, compelled that railroad company, in order to avoid a strike, to enter into a contract which, by its terms and conditions, required that the Chicago and Alton Railroad should discharge from its employment the plaintiff unless he should join the local lodge Number 342 of the organization known as the International Association of Machinists. Such action has been held by the Supreme Court to be unlawful and in violation of the legal rights of employer and employe. O'Brien v. the People, 216 Ill. 354.

That a right of action exists where one whose discharge has been procured by a third party where otherwise employment would have continued indefinitely is fully recognized. London Guarantee Company v. Horn, 206 Ill. 493.

It is insisted by defendants that the ''closed shop'' was voluntarily included in the contract by the railroad company without any threat or without any undue influence and even without demand by the defendants herein, but an examination of this record cannot fail to convince any reasonable mind that the defendants herein formulated a demand and presented it to the Chicago and Alton Railroad Company, in which they demanded an increase of wages, shorter hours and certain betterment in their shop conditions, and their ultimatum to the railroad company was that unless these were complied with the result would be a strike, to enforce their demands. After numerous consultations and attempts to agree upon some neutral line by the defendants and the Chicago and Alton Rail-

road Company, it was finally determined by the railroad company that the full demand for increase of wages could not be granted by the company and a wage schedule was prepared by the company and presented to the defendants, and nine hours' working time, and an agreement to grant the shop improvements demanded.    This proposition was submitted by the Chicago and Alton Railroad Company to the defendants, while the threat and determination of the defendants to strike unless the demands made by them were acceded to, existed.    Without changing their demands or without in any manner modifying the conditions upon which they demanded the changes, they replied to the proposition of the railroad company that in consideration of the failure of the railroad company to grant the full increase of wages demanded, that the defendants would insert in their original proposition the demand for a "closed shop."    This additional requirement, with the same threats of a strike that existed under the original proposition, was the ultimatum submitted, and the jury evidently determined, and were justified in so doing, that the "closed shop" was placed in the contract upon the demand of the defendants, coupled with the threat that a strike would result if it was not granted them.

The first count of the plaintiff's declaration is based upon an unlawful confederation of the defendants, through and by virtue of which plaintiff was unlawfully and illegally deprived of his employment with the Chicago and Alton Railroad Company, and the competent evidence in this record established the fact that he lost his position by reason of the contract forced upon the railroad company by the defendants, that Maher, the representative of the railroad company, did not desire to enter into the contract as made and did not desire to discharge the plaintiff, but that he was compelled so to do by duress, under threats of a strike of the defendants in the railroad company's

shops unless their demands were acceded to, and in his endeavor to avoid a strike and avoid seriously crippling the operations of the railroad company, he granted these demands.    While the contention of the defendants that certain admissions and declarations made by Maher were improperly admitted in evidence is correct, the facts to which these admissions and declarations related were testified to by Maher and this testimony is not contradicted in this record, and by reason of this testimony his admissions and declarations admitted caused no harm to the defendants.    The contention, also, that a certain letter which plaintiff received from the foreman of the Illinois Central shops at Clinton was improperly admitted must be conceded, but the admission of this letter could not possibly have affected any other question than the damages, and from the amount of the verdict in this case it cannot be said that the damages were in any manner enhanced or increased by reason of that letter.    The damages are not excessive and the admission of this letter in evidence resulted in no harm to the defendants.

The records of the organization, Lodge Number 342 of the International Association of Machinists, were properly admitted for the purpose of establishing the confederacy claimed to have been entered into by these defendants, and the confederation having been fully and clearly established, the individual statements of the members of this order engaged in the forming of the confederation were proper to be considered by the jury in connection with all other evidence in the case. There was no error in admitting either the lodge records or the statements of the defendants herein regarding such confederation.

It is insisted by the defendants that it was incumbent upon the plaintiff herein to prove his case beyond a reasonable doubt and that the instructions of the court given to the jury should have required the plaintiff so to do.    The first count of the plaintiff's declara-

tion does not allege a criminal act but avers acts which constitute an unlawful confederation at common law, and under this count of the declaration it was not necessary that the plaintiff should prove his cause of action beyond a reasonable doubt.

Complaint is also made of the giving, refusing and modifying of instructions by the trial court, but on careful examination of the instructions complained of, we find that taken as a series they are substantially correct and properly gave to the jury the law which governs and controls this action.

There being no reversible error in this record, the judgment is affirmed.

*Affirmed.*